1  McGREGOR W. SCOTT
   United States Attorney
2  MATTHEW D. SEGAL
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2708



FILED

JUL 3 0 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. No. 2:06-506 FCD |
| Plaintiff, ) | PLEA AGREEMENT |
| v. ) | |
| DEBRA ROBERTS, ) | DATE: June 25, 2007 |
| Defendant. ) | TIME: 10:00 a.m. |
| ) | COURT: Hon. Frank C. Damrell |

I.

**INTRODUCTION**

**A. Scope of Agreement:** The information in this case charges the defendant with forging securities of organizations. This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B. Court Not a Party:** The Court is not a party to this Plea Agreement. Sentencing is a matter solely within the discretion of

1

the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and she will remain bound to fulfill all of the obligations under this Plea Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.

## II.

### DEFENDANT'S OBLIGATIONS

**A. Guilty Pleas:** The defendant will plead guilty to the sole count of the superseding information charging forging securities of an organization in violation of 18 U.S.C. § 513. The defendant agrees that she is in fact guilty of these charges and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

**B. Waiver of Indictment:** The defendant agrees that, at the entry of plea proceeding, she will sign a written waiver of prosecution by indictment and consent to proceed by information rather than by indictment.

**C. Restitution:** The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. The defendant agrees to pay full restitution to any victim in this case. Payment should be by cashier's or certified check made payable to the Clerk of the Court. Defendant further agrees that

1 she will not seek to discharge any restitution obligation or any
2 part of such obligation in any bankruptcy proceeding.

3     **C. Fine:** The defendant reserves the right to argue inability
4 to pay, but agrees to pay whatever criminal fine the Court decides
5 to order. The defendant understands that this Plea Agreement is
6 voidable by the government if she fails to pay the a court-ordered
7 fine as required by this Plea Agreement.

8     **D. Special Assessment:** The defendant agrees to pay a special
9 assessment of $100 at the time of sentencing by delivering a check
10 or money order payable to the United States District Court to the
11 United States Probation Office immediately before the sentencing
12 hearing. The defendant understands that this Plea Agreement is
13 voidable by the government if she fails to pay the assessment prior
14 to that hearing. If the defendant is unable to pay the special
15 assessment at the time of sentencing, she agrees to earn the money
16 to pay the assessment, if necessary by participating in the Inmate
17 Financial Responsibility Program.

18                     **III.**
19         **THE GOVERNMENT'S OBLIGATIONS**

20     **A. Dismissals:** The government agrees to move, at the time of
21 sentencing, to dismiss without prejudice the pending December 19,
22 2006 Information. The government also agrees not to reinstate any
23 dismissed count except as provided in Parts VI.B.6 and VII.B of this
24 Plea Agreement.

25     **B. Acceptance of Responsibility:** If the United States
26 Probation Office determines that a three-level reduction in
27 defendant's offense level for her full and clear demonstration of
28 acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1,

1  the government will not oppose such a reduction and will so move
2  under §3E1.1(b), so long as the defendant pleads guilty, meets with
3  and assists the probation officer in the preparation of the pre-
4  sentence report, is truthful and candid with the probation officer,
5  and does not otherwise engage in conduct that constitutes
6  obstruction of justice within the meaning of U.S.S.G § 3C1.1, either
7  in the preparation of the pre-sentence report or during the
8  sentencing proceeding.

## IV.

## ELEMENTS OF THE OFFENSE

**A. Elements of the Offense:** At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, uttering a forged security of an organization:

1. The defendant knowingly uttered a forged check;
2. the defendant had intent to deceive another person, organization, or government, and
3. the check was issued by an organization whose activities affected interstate commerce.

"Forged" means that the check purported to be genuine but was not because it had been falsely altered, completed, signed, or endorsed, or contained a flase addition or insertion.

## V.

## MAXIMUM SENTENCE

**A. Maximum Penalty:** The maximum sentence that the Court can impose is 10 years of incarceration, a fine of $250,000, a three-year period of supervised release and a special assessment of $100. By signing this Plea Agreement, the defendant also agrees that the

4

1  Court can order the payment of restitution for the full loss caused
2  by the defendant's wrongful conduct. The defendant agrees that the
3  restitution order is not restricted to the amounts alleged in the
4  specific counts to which the defendant is pleading guilty. The
5  defendant further agrees that she will not attempt to discharge in
6  any present or future bankruptcy proceeding any restitution imposed
7  by the Court.

8  **B. Violations of Supervised Release**: The defendant understands
9  that if she violates a condition of supervised release at any time
10 during the term of supervised release, the Court may revoke the term
11 of supervised release and require the defendant to serve up to 2
12 additional years imprisonment.

## VI.

## SENTENCING DETERMINATION

15 **A. Statutory Authority:** The defendant understands that the
16 Court must consult the Federal Sentencing Guidelines (as promulgated
17 by the Sentencing Commission pursuant to the Sentencing Reform Act
18 of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as
19 modified by United States v. Booker and United States v. Fanfan,
20 __ U.S. __, 125 S.Ct. 738 (2005)) and must take them into account
21 when determining a final sentence. The defendant understands that
22 the Court will determine a non-binding and advisory guideline
23 sentencing range for this case pursuant to the Sentencing
24 Guidelines. The defendant further understands that the Court will
25 consider whether there is a basis for departure from the guideline
26 sentencing range (either above or below the guideline sentencing
27 range) because there exists an aggravating or mitigating
28 circumstance of a kind, or to a degree, not adequately taken into

1  consideration by the Sentencing Commission in formulating the
2  Guidelines. The defendant further understands that the Court, after
3  consultation and consideration of the Sentencing Guidelines, must
4  impose a sentence that is reasonable in light of the factors set
5  forth in 18 U.S.C. § 3553(a).
6      **B.  Stipulations Affecting Guidelines Calculation:** The
7  government and the defendant agree that there is no material dispute
8  as to the following sentencing guidelines variables and therefore
9  stipulate to the following:
10         1.  **Base Offense Level:** 6
11             U.S.S.G. § 2B1.1
12         2.  **Loss Adjustment:** +4
13             U.S.S.G. § 2B1.1(b)(1)(C)
14             Between $10K and $30K loss
15         3.  **Number of Victims:** +4
16             U.S.S.G. § 2B1.1(b)(2)(B) - 50 or more victims
17         4.  **Obstruction of Justice:** +2
18             U.S.S.G. § 3C1.1
19             False statements to a federal agent during and about
20             the offense and relevant conduct resulting in
21             significantly obstructing and impeding investigation;
22             willfully failing to appear for court.
23         5.  **Acceptance of Responsibility:**
24             See paragraph III(B)(2) above
25         6.  **Departures or Other Enhancements or Reductions:** The
26  parties stipulate and agree that they will not seek or argue in
27  support of any other specific offense characteristics, Chapter Three
28  adjustments (other than the decrease for "Acceptance of

6

Responsibility"), or cross-references. Both parties stipulate and agree not to move for, or argue in support of, any departure from the Sentencing Guidelines, or any deviance or variance from the Sentencing Guidelines under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). The defendant's breach of this provision will relieve the United States of all its obligations under this Plea Agreement.

## VII.
## WAIVERS

**A.   Waiver of Constitutional Rights:** The defendant understands that by pleading guilty she is waiving the following constitutional rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on her behalf; (e) to confront and cross-examine witnesses against her; and (f) not to be compelled to incriminate herself.

**B.   Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives her a right to appeal her conviction and sentence.  She agrees as part of her plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case.  She specifically gives up her right to appeal any order of restitution the Court may impose.

Regardless of the sentence she receives, the defendant also gives up any right she may have to bring a post-appeal attack on her conviction or her sentence.  She specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking her conviction or

7

sentence.

Notwithstanding the agreement in part III.A above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate her plea, dismiss the underlying charges, or reduce or set aside her sentence on any of the counts to which she is pleading guilty, the government shall have the right (1) to prosecute the defendant on any of the counts to which she pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this Plea Agreement; and (3) to file any new charges that would otherwise be barred by this Plea Agreement.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this Plea Agreement, the defendant agrees to waive any objections, motions, and defenses she might have to the government's decision.  In particular, she agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

**C. Waiver of Attorneys' Fees and Costs:**  The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Plea Agreement and any charges previously dismissed).

**D. Waiver of DNA Testing**

1 Defendant has been advised that the government has in its
2 possession the following items of physical evidence that could be
3 subjected to DNA testing: checks and all other items disclosed in
4 discovery. The defendant understands that the government does not
5 intend to conduct DNA testing of any of these items or any others.
6 Defendant understands that, before entering a guilty plea pursuant
7 to this Plea Agreement, she could request DNA testing of evidence in
8 this case. The defendant further understands that, with respect to
9 the offense to which she is pleading guilty pursuant to this Plea
10 Agreement, she would have the right to request DNA testing of
11 evidence after conviction under the conditions specified in 18
12 U.S.C. § 3600. Knowing and understanding her right to request DNA
13 testing, the defendant knowingly and voluntarily gives up that right
14 with respect to both the specific items listed above and any other
15 items of evidence there may be in this case that might be amenable
16 to DNA testing. The defendant understands and acknowledges that by
17 giving up this right, she is giving up any ability to request DNA
18 testing of evidence in this case in the current proceeding, in any
19 proceeding after conviction under 18 U.S.C. § 3600, and in any other
20 proceeding of any type. The defendant further understands and
21 acknowledges that by giving up this right, she will never have
22 another opportunity to have the evidence in this case, whether or
23 not listed above, submitted for DNA testing, or to employ the
24 results of DNA testing to support a claim that defendant is innocent
25 of the offense to which she is pleading guilty.

## VIII.

### ENTIRE PLEA AGREEMENT

28 Other than this Plea Agreement, no agreement, understanding,

9

1  promise, or condition between the government and the defendant
2  exists, nor will such agreement, understanding, promise, or
3  condition exist unless it is committed to writing and signed by the
4  defendant, counsel for the defendant, and counsel for the United
5  States.

## IX.

### APPROVALS AND SIGNATURES

8  **A. Defense Counsel:** I have read this Plea Agreement and have
9  discussed it fully with my client. The Plea Agreement accurately
10 and completely sets forth the entirety of the agreement. I concur
11 in my client's decision to plead guilty as set forth in this Plea
12 Agreement.

14 DATED: 7/30/07                                   _____
15                                                  KRISTA HART
                                                    Attorney for Defendant

16 **B. Defendant:** I have read this Plea Agreement and carefully
17 reviewed every part of it with my attorney. I understand it, and I
18 voluntarily agree to it. Further, I have consulted with my attorney
19 and fully understand my rights with respect to the provisions of the
20 Sentencing Guidelines that may apply to my case. No other promises
21 or inducements have been made to me, other than those contained in
22 this Plea Agreement. In addition, no one has threatened or forced
23 me in any way to enter into this Plea Agreement. Finally, I am
24 satisfied with the representation of my attorney in this case.

26 DATED: 7-30-07                                   _____
                                                    DEBRA ROBERTS, Defendant

**C. Attorney for United States:** I accept and agree to this

10

1  Plea Agreement on behalf of the government.

2  DATED: _July 30, 2007_          McGREGOR W. SCOTT
                                    United States Attorney

        By: _/s/ Matthew Segal_
            MATTHEW D. SEGAL
            Assistant U.S. Attorney

11

**EXHIBIT "A"**

**Factual Basis for Plea**

Between on or about July 1, 2004 and on or about December 6, 2006, in Napa, Solano, San Joaquin, and Yolo Counties, State and Eastern District of Californian, the defendant frequently passed stolen, forged checks.

Various clerks and videotapes from retail outlets such as Circuit City, Comp USA, Home Depot, Mervyn's, Safeway, Sports Authority identified the defendant as the person who carried out transactions using checks that victims had reported stolen and used without authorization.

One such stolen, unauthorized check was a River City Bank check #1122, for $3,405.99 made out to Comp USA on November 5, 2006. The River City Bank branch is located in the City of Davis in Yolo County, and had been reported stolen by the account holder. The transaction was captured and recorded on the store's video surveillance system. The tape clearly shows the defendant purchasing two computers and carrying them away. The checks written from this account had false California Drivers Licence information written on them.

During the time that she was passing forged checks, the defendant told an agent of the United States that she was not engaged in such unlawful activity. Consequently, for sometime after her material false statement to the agent, she remained at liberty and able to continue passing forged checks. Further, in this case, she used methamphetamine while on pretrial release and willfully failed to appear for court even though ordered to do so by the assigned Pretrial Services Officer.

The activities of River City Bank affect interstate commerce in that its deposits are insured by the federal government and are used by bank customers to engage in transactions with persons in other states.