# United States District Court
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**DEBRA ROBERTS** | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:06CR00506-01**<br><br>Shon Northam, 428 J St, Ste 540, Sacramento CA 95814<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔] pleaded guilty to count(s): <u>1 of the Superseding Information</u> .
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 513(a) | Uttering a Counterfeit Security of an Organization (Class C Felony) | 11/05/2006 | 1 |

The defendant is sentenced as provided in pages 2 through <u>9</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ] Count(s) ___ (is)(are) dismissed on the motion of the United States.

[ ] Indictment is to be dismissed by District Court on motion of the United States.

[✔] Appeal rights given.          [ ] Appeal rights waived.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 8, 2007
Date of Imposition of Judgment

*/s/ Frank C. Damrell, Jr.*
Signature of Judicial Officer

**FRANK C. DAMRELL, JR.**, United States District Judge
Name & Title of Judicial Officer

November 16, 2007
Date

| | |
|---|---|
| CASE NUMBER: | 2:06CR00506-01 |
| DEFENDANT: | DEBRA ROBERTS |

Judgment - Page 2 of 9

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 46 months, plus 6 months consecutive confinement pursuant to 18 U.S.C. 3147, for a total term of 52 months.

[✔]  The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant be incarcerated in Dublin, California, but only insofar as this accords with security classification and space availability. The Court recommends the defendant participate in the 500-Hour Bureau of Prisons Substance Abuse Treatment Program.

[✔]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district.
  [ ] at ___ on ___.
  [ ] as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  [ ] before _ on ___.
  [ ] as notified by the United States Marshal.
  [ ] as notified by the Probation or Pretrial Services Officer.
  If no such institution has been designated, to the United States Marshal for this district.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

CASE NUMBER: 2:06CR00506-01 Judgment - Page 3 of 9
DEFENDANT: DEBRA ROBERTS

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 36 months .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔]   The defendant shall submit to the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]   The defendant shall register and comply with the requirements in the federal and state sex offender registration agency in the jurisdiction of conviction, Eastern District of California, and in the state and in any jurisdiction where the defendant resides, is employed, or is a student. (Check, if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of her person, property, home, and vehicle by a United States Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall not dispose of or otherwise dissipate any of her assets until the fine and/or restitution order by this judgment is paid in full, unless the defendant obtains approval of the court.

3. The defendant shall provide the probation officer with access to any requested financial information.

4. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

5. As directed by the probation officer, the defendant shall participate in a correctional treatment program (inpatient or outpatient) to obtain assistance for drug or alcohol abuse.

6. As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if she has reverted to the use of drugs or alcohol.

7. As directed by the probation officer, the defendant shall participate in a program of mental health treatment (inpatient or outpatient.)

8. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

AO 245B-CAED (Rev. 3/04) Sheet 5 - Criminal Monetary Penalties
Case 2:06-cr-00506-GEB   Document 56   Filed 11/16/07   Page 5 of 9

CASE NUMBER:        2:06CR00506-01                                                                      Judgment - Page 5 of 9
DEFENDANT:          DEBRA ROBERTS

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| Totals: | $ 100      | $    | $ 34,200.82 |

[ ]  The determination of restitution is deferred until __ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[✔]  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| Dan Dowling | $106.44 | $106.44 | |
| Albertson's<br>777 East Monte Ave<br>Vacaville, CA 95688 | 104.45 | 104.45 | |
| Bel-Air<br>PO Box 775<br>West Sacramento, CA 95691 | 126.37 | 126.37 | |
| Best Buy<br>1547 Gateway Blvd<br>Fairfield, CA 94533 | 2,374.71 | 2,374.71 | |
| Crescent<br>261 Soscol Ave<br>Napa, CA 94559 | 2,895.82 | 2,895.82 | |
| Fed Ex/Kinkos<br>150 Nut Tree Parkway #100<br>Vacaville CA 95687 | 59.08 | 59.08 | |
| Food Maxx<br>1955 West Texas St<br>Fairfield CA 94533 | 199.13 | 199.13 | |
| Gottschalks<br>875 Russell Blvd, #2<br>Davis, CA 95616 | 219.44 | 219.44 | |
| Grocery Outlet<br>191 Depot St<br>Vacaville, CA 95688 | 150.60 | 150.60 | |

**CONTINUED ON NEXT PAGE**

   ** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| CASE NUMBER: | 2:06CR00506-01 | | Judgment - Page 6 of 9 |
|---|---|---|---|
| DEFENDANT: | DEBRA ROBERTS | | |

**CONTINUED FROM PREVIOUS PAGE**

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Home Depot<br>3611 Truxel Rd<br>Sacramento, CA 95833 | 543.45 | 543.45 | |
| Home Depot<br>2121 Cadenasso Dr<br>Fairfield, CA 95633 | 535.80 | 535.80 | |
| Home Depot<br>1860 E. Main St<br>Woodland, CA 95695 | 633.90 | 633.90 | |
| Linens & Things<br>1590 Gateway Blvd<br>Fairfield, CA 94533 | 586.76 | 586.76 | |
| Longs<br>625 Elmira Rd<br>Vacaville, CA 95687 | 99.93 | 99.93 | |
| Longs<br>300 Travis Blvd<br>Fairfield, CA 94533 | 195.63 | 195.63 | |
| Longs<br>377 E. Monte Vista Ave<br>Vacaville, CA 95688 | 172.24 | 172.24 | |
| Nugget<br>130 Browns Valley Parkway<br>Vacaville, CA 95688 | 154.53 | 154.53 | |
| Nugget<br>157 Main St<br>Woodland, CA 95695 | 333.62 | 333.62 | |
| Office Depot<br>211 Soscol Ave<br>Napa, CA 94559 | 792.56 | 792.56 | |
| Old Town Furniture<br>395 East Monte Vista Ave<br>Vacaville, CA 95688 | 179.10 | 179.10 | |
| Pier 1<br>1545 Holiday Lane<br>Fairfield, CA 95634 | 79.17 | 79.17 | |

**CONTINUED ON NEXT PAGE**

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

CASE NUMBER: 2:06CR00506-01  
DEFENDANT: DEBRA ROBERTS

Judgment - Page 7 of 9

**CONTINUED FROM PREVIOUS PAGE**

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Ralphs<br>PO Box 54143<br>Los Angeles, CA 90054 | 144.57 | 144.57 | |
| Raley's<br>PO Box 775<br>West Sacramento, CA 95691 | 622.25 | 622.25 | |
| Rite Aid<br>2050 Nut Tree Rd<br>Vacaville, CA 95687 | 534.18 | 534.18 | |
| Rite Aid<br>2135 Cowell Blvd<br>Davis, CA 95616 | 384.43 | 384.43 | |
| Round Table<br>888 Alamo Dr.<br>Vacaville, CA 95688 | 137.95 | 137.95 | |
| Safeway<br>2050 Harbison Ave<br>Vacaville, CA 95687 | 216.84 | 216.84 | |
| Save Mart<br>PO Box 5364<br>Modesto, CA 95353 | 94.27 | 94.27 | |
| Smart n Final<br>PO Box 2377 GMF<br>Los Angeles, CA 90051-0377 | 91.95 | 91.95 | |
| Staples<br>1010 Helen Power Dr<br>Vacaville, CA 95688 | 227.37 | 227.37 | |
| Target<br>1000 Nicolette Mall<br>MS-TPN-0830<br>Minneapolis, MN 55403 | 606.07 | 606.07 | |
| Walgreens<br>1955 West Texas St<br>Fairfield, CA 94533 | 70.60 | 70.60 | |
| WinCo<br>865 Davis St<br>Vacaville, CA 95687 | 346.57 | 346.57 | |

**CONTINUED ON NEXT PAGE**

\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 3/04) Sheet 5 - Criminal Monetary Penalties     Case 2:06-cr-00506-GEB   Document 56   Filed 11/16/07   Page 8 of 9

CASE NUMBER:        2:06CR00506-01                                                                   Judgment - Page 8 of 9
DEFENDANT:          DEBRA ROBERTS

**CONTINUED FROM PREVIOUS PAGE**

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| World Market<br>871 Russell Blvd<br>Davis, CA 95616 | 412.90 | 412.90 | |
| River City Bank<br>Risk Management Dept<br>Sacramento, CA 95833 | 14,639.02 | 14,639.02 | |
| Travis Federal Credit Union<br>USPS: PO Box 2069<br>Vacaville, CA 95696-2069<br>Fedex: 1 Travis Way<br>Vacaville, CA 95687 | 1,670.18 | 1,670.18 | |
| Wells Fargo Bank<br>Attn: Ann McConnaughey<br>85 Cleveland Rd<br>Pleasant Hill, CA 94523 | 3,458.94 | 3,458.94 | |
| TOTALS: | $ 34,200.82 | $ 34,200.82 | |

[ ]     Restitution amount ordered pursuant to plea agreement $ __

[ ]     The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[✔]     The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [✔]   The interest requirement is waived for the     [ ] fine     [✔] restitution

    [ ]   The interest requirement for the     [ ] fine   [ ] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

CASE NUMBER: 2:06CR00506-01  Judgment - Page 9 of 9
DEFENDANT: DEBRA ROBERTS

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A** [ ] Lump sum payment of $ __ due immediately, balance due

    [ ] not later than __ , or
    [ ] in accordance with    [ ] C,    [ ] D,    [ ] E, or      [ ] F below; or

**B** [✔] Payment to begin immediately (may be combined with   [ ] C,    [ ] D, or [ ] F below); or

**C** [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [ ] Payment during the term of supervised release will commence within __ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States: